UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALPHONZO BOONE,<br><br>                Plaintiff,<br><br>-against-<br><br>FEDERAL GOVERMENT; FOREN GOVERMENT; FOREN CURRANCICY,<br><br>                Defendants. | 1:23-CV-3244 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Alphonzo Boone, who is appearing *pro se*, filed this action invoking the court's federal question and diversity jurisdiction. He sues the following defendants: (1) the Federal Goverment, which the Court understands to be the United States of America; (2) a "Foren Goverment," which the Court understands to be an unspecified foreign state; and (3) "Foren currancicy," which the Court understands to be an unspecified foreign currency. Plaintiff seeks as relief that a genuine $50 bill or a $50 money order be sent to him at his address of record.

      By order dated April 19, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action as frivolous.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is

obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

The Court summarizes the allegations from Plaintiff's complaint's statement of claim and from its attachments as the following: On or about November 20, 2022, Plaintiff brought a $50 bill to a branch of Carver Federal Bank in New York, New York. It was there that he discovered that the $50 bill was counterfeit. He asks the Court to send a genuine $50 bill or a $50 money order to him at his address of record.

## DISCUSSION

Granting Plaintiff's *pro se* complaint the liberal interpretation that it is due, the Court finds that Plaintiff's claims are frivolous because there is no legal theory on which Plaintiff can rely to state a viable civil claim arising from his allegations.

Plaintiff sues the United States of America, an unspecified foreign state, and an unspecified foreign currency, alleging that he came into possession of a $50 bill and that, on or about November 20, 2022, he brought it to a bank branch, only to discover there that the $50 bill

was counterfeit. He asks the Court to send him a genuine $50 bill or a $50 money order. Such assertions do not provide a legal theory on which Plaintiff can rely to state a claim. Thus, a finding of frivolousness is warranted. *See Livingston*, 141 F.3d at 437 ("A claim is based on an 'indisputably meritless legal theory[,]' [and is, therefore, frivolous,] when either the claim lacks an arguable basis in law or a dispositive defense clearly exists on the face of the complaint.") (citations omitted). The Court therefore dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's assertions lack an arguable basis in law, and are, thus, frivolous, his complaint cannot be cured with an amendment. The Court therefore declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   June 12, 2023
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge